

8725

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. L. Mills, Chairman
Teacher Retirement Board
1600 Washington Avenue
Houston, Texas

Dear Sir:

Opinion No. 0-3996
Re: (1) Whether member of Legis-
lature may serve as Executive
Secretary for Teacher Retire-
ment System;
(2) Whether husband of first
cousin of member of Teacher
Retirement Board may be ap-
pointed Executive Secretary.

We have received your letter of recent date which we
quote in part as follows:

"First, would a member of the House of Repre-
sentatives or a member of the Senate at the present
time be eligible to serve as Executive Secretary for
the Teacher Retirement System, provided said member
of the House or Senate might receive a majority vote
of the State Board of Trustees electing such person
to said office? The second question on which I need
advice is: would it, in your opinion, be legal for
a member of the Teacher Retirement Board to vote for
a person for the position of Executive Secretary who
was related to said member in the degree of first
cousin by marriage?"

The Teacher Retirement Act was passed by the 45th Leg-
islature (Acts 1937, 45th Leg., R. S., Ch. 470, S. B. 47). Sub-
section (8) of Section 6 of the Act (Article 2922-1, section 6,
Subsection (8), Vernon's Annotated Civil Statutes) provides for
the appointment of an Executive Secretary. Said subsection
reads as follows:

"The State Board of Trustees shall elect from
its membership a Chairman and shall by a majority
vote of all its members appoint an Executive Secre-
tary who shall not be one of its members. Provided
that the Executive Secretary appointed under the
provisions of this Act shall be confirmed by a two-
thirds vote of the Senate present, and provided
further that said Executive Secretary shall have
been a citizen of Texas three (3) years immediately
preceding his appointment. He shall recommend and
nominate to the State Board of Trustees such actu-
arial and other service as shall be required to
transact the business of the Retirement System. The
compensation of all persons engaged by the State
Board of Trustees, and all other expenses of the
Board necessary for the operation of the Retirement
System, shall be paid at such rates and in such a-
mounts as the State Board of Trustees shall approve,
provided that in no case shall they be greater than
that paid for like or similar service of the State
of Texas." (Emphasis supplied)

Provision is made in the above quoted statute for ap-
pointment of Executive Secretary with confirmation by the Senate.
Section 18 of Article III of our Constitution reads in part as
follows:

" * * * no member of either House shall, dur-
ing the term for which he is elected, be eligible
to any office or place, the appointment to which
may be made, in whole or in part, by either branch
of the Legislature. * * * "

This department held in our Conference Opinion No.
3076 (Opinion No. O-1091 that confirmation by the Senate was
part of an appointment; therefore, under Section 18 of Article
III the Legislator is not eligible for appointment as Executive
Secretary.

It was also held in the opinion that the ineligibility
of the Legislator extends through the entire term for which he
was elected and that his resignation from office would not re-
move his ineligibility. We quote from the opinion as follows:

"The ineligibility of the Legislator to such
office or place extends throughout the entire period
of time assigned by the people to the office of mem-
ber of the Legislature, to which he was elected.
Such ineligibility may not be removed by resigna-
tion from the office, for the Constitution does not
provide that it shall continue only during such a
period of time as he is a member of the Legislature,
or during the period of time that he actually served
as such, but expressly provides that the ineligibil-
ity shall endure 'during the term for which he is
elected.'"

We will not discuss this point any further for the
reason that the issues involved are fully discussed in the
opinion. We enclose herewith a copy of the opinion.

We answer your first question, therefore, as follows:
A member of the Legislature is not eligible for appointment as
Executive Secretary of the Teacher Retirement System.

We will now turn our attention to your second question.
You ask whether a member of the Teacher Retirement Board may
vote for a person for the position of Executive Secretary who is
the husband of the member's first cousin.

Subsection 8 of Section 6 of Article 2922-1, above
quoted provides that the Teacher Retirement Board "shall by a
majority vote of all its members appoint an Executive Secretary
who shall not be one of its members."

Articles 432 and 433, Penal Code of Texas, read respec-
tively as follows:

"Article 432. No officer of this State or any
officer of any district, county, city, precinct,
school district, or other municipal subdivision of
this State, or any officer or member of any State,
district, county, city, school district or other
municipal board, or judge of any court, created by
or under authority of any general or special law
of this State, or any member of the Legislature,
shall appoint, or vote for, or confirm the appoint-
ment to any office, position, clerkship, employment

or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever." (Emphasis supplied)

"Article 433. The inhibitions set forth in this law shall apply to and include the Governor, Lieutenant Governor, Speaker of the House of Representatives, Railroad Commissioners, heads of departments of the State government, judges and members of any and all Boards and courts established by or under the authority of any general or special law of this State, members of the Legislature, mayors, commissioners, recorders, aldermen and members of school boards of incorporated cities and towns, public school trustees, officers and members of boards of managers of the State University and of its several branches, and of the various State educational institutions and of the various State eleemosynary institutions, and of the penitentiaries. This enumeration shall not be held to exclude from the operation and effect of this law any person included within its general provisions." (Emphasis supplied)

It is manifest from a reading of these Articles that a person may not be appointed Executive Secretary if he is related to a member of the Teacher Retirement Board within the third degree by consanguinity or within the second degree by affinity.

The manner in which degree by consanguinity is to be computed was stated in The Tyler Tap R.R. Co. and James P. Douglass v. John F. Overton, 1 Tex. Ct. App. 267, Secs. 533-535, as follows:

Honorable H. L. Mills, Chairman, Page 5

"In computing the degree of lineal consanguinity existing between two persons, every generation in the direct course of relationship between the two parties makes a degree, and the rule is the same by the civil and common law. The mode of computing degrees of collateral consanguinity at the common and by the canon law is to discover the common ancestor, to begin with him and reckon downwards, and the degree the two persons, or the more remote of them, is distant from the ancestor, is the degree of kindred subsisting between them. For instance, two brothers are related to each other in the first degree because from the father each one of them is one degree. An uncle and nephew are related to each other in the second degree, because the nephew is two degrees distant from the common ancestor, and the uncle is extended to the remotest degree of collateral relationship."

Thus, the member of the Teacher Retirement Board and his first cousin are related by consanguinity in the second degree.

Degrees of affinity are computed in the same way as those of consanguinity. In other words, the relatives of the wife are in the same degree of affinity to the husband as they are related to the wife by consanguinity. 2 C.J.S. 992; 2 C.J. 379; State v. Hooper, 37 Pac. 52; Kelly v. Neely, 12 Art. 657, 56 Am. D. 288; Paddock v. Wells, 2 Barb. Ch. (N.Y.) 331. It follows that the member of the Teacher Retirement Board is related to his first cousin's husband by affinity in the second degree.

In view of the foregoing, you are respectfully advised that the husband of the first cousin of a member of the Teacher Retirement Board may not be appointed to the position of Executive Secretary of the Teacher Retirement System. Your question is, therefore, answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis
Glenn R. Lewis
Assistant

By George W. Sparks
George W. Sparks

APPROVED SEP 24, 1941
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

GWS:ej

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN